**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| BUMBLE BEE FOODS LLC,<br><br>    Plaintiff,<br><br>       v.<br><br>REFRIAMMONIA, ET ALS.,<br><br>    Defendants. | CIV. NO. 08-1752 (PG) |

**OPINION AND ORDER**

Plaintiff Bumble Bee Foods LLC (hereinafter "Plaintiff" or "Bumble Bee") filed this action against RefriAmmonia[1], GMC Engineering Corporation ("GMC") and Integrand Assurance Company ("Integrand"). See Dockets No. 1, 57. In the amended complaint, Plaintiff brings forth several causes of action against the defendants for damages, breach of contract and breach of good faith. Id. Federal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Docket No. 57 at ¶¶ 2.1-2.3.

Defendants GMC and Integrand now move for summary judgment requesting the dismissal of the claims against them on the grounds that Bumble Bee lacks standing to sue and is not the real party in interest. In addition, the moving defendants argue that the real party in interest has failed to toll the applicable statute of limitations and its claim is thus time-barred. See Docket No. 73. The Plaintiff timely opposed the defendants' motion. See Dockets No. 74-75.

After a close examination of the evidence on record and a careful review of the applicable law, the Court **DENIES** the pending motion for summary judgment for the reasons explained below.

**I. SUMMARY JUDGMENT STANDARD**

A motion for summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure, which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

[1] All claims against co-defendant Refriammonia were voluntarily dismissed on September 8, 2009, and partial judgment was thus issued. See Dockets No. 53-55.

CIV. NO. 08-1752 (PG)                                                    Page 2

a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party, and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.2004).

   To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, see DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997), through definite and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990) (citations omitted). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir.2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). However, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

   At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000). This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Id.

## II. FACTUAL FINDINGS

   As per the foregoing discussion, the Court found the following relevant facts were undisputed:

CIV. NO. 08-1752 (PG)                                                    Page 3

1. Bumble Bee is a subsidiary of Connors Bros. Income Fund ("Connors"), a publicly traded international company, with its principle place of business in Markham, Ontario, Canada.
2. On July 9, 2008, Bumble Bee filed the present claim alleging that a fire that took place on August 6, 2007 was caused by the negligence and breach of contract of GMC and Refriammonia, resulting in damages in excess of $15,000,000.00. In its amended complaint, the Plaintiff also alleged that Integrand has acted in bad faith.
3. Lexington Insurance Company ("Lexington") paid Connors $13,052,339.00 for the damages caused by the fire that took place on August 6, 2007 in a property in Puerto Rico known as Bumble Bee Tuna Processing located in Mayagüez, Puerto Rico. The parties signed a Subrogation Receipt on June 23, 2009, whereby Connors subrogated Lexington to all of the rights, claims and interest which it may have against any party liable for the losses resulting from the fire.
4. On August 16, 2007, Lexington had paid Connors $1,500,000.00 as an advance payment on the total settlement. A different Subrogation Receipt was signed on said date.
5. Connors and any subsidiary, associated or allied company, corporation, firm, and organization are referred to as the "Insured" in Lexington's insurance policy. Therefore, Bumble Bee was an insured party under the policy.
6. Lexington's policy covered the Insured's locations in the United States, Canada and Puerto Rico, including Bumble Bee's facility in Mayagüez, Puerto Rico.
7. Pursuant to the terms of Lexington's insurance policy, the amount of the deductible was $500,000.00, which was not reimbursed by Lexington.

### III. DISCUSSION

#### A. Rule 17 and Ratification

In the pending motion for summary judgment, the moving defendants argue that the claim should be dismissed on the theory that Rule 17(a) allows only the insurer-subrogee, Lexington, to pursue this claim for reimbursement for the losses incurred after the Bumble Bee fire. See Docket No. 73. In response, Plaintiff argues that it sustained an unreimbursed loss in excess of the amount of its insurer's reimbursement, including, but not limited to, the amount of the $500,000.00 deductible. Plaintiff thus contends that because it sustained an unreimbursed loss, it is also a real party in interest with

CIV. NO. 08-1752 (PG)                                                          Page 4

respect to this claim for damages and for breach of contract and is thus entitled to prosecute it. See Docket No. 75. This Court agrees.

"[I]n diversity cases federal law governs the issue of in whose name a lawsuit must be brought, even though state law controls the underlying substantive right of an insured to recovery." Church Ins. Co. v. Trippe Mfg. Co., No. 04 Civ.6111 HB, 2005 WL 3462726, at *2 (S.D.N.Y. December 19, 2005) (quoting Brocklesby Transport v. Eastern States Escort Servs., 904 F.2d 131, 133 (2d Cir.1990)). Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." FED.R.CIV.P. 17(a)(1). Moreover, Rule 17(a) states that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

FED.R.CIV.P. 17(a)(3). "It has been held that Rule 17(a) serves the purpose of protecting defendants 'from facing a subsequent similar action brought by one not a party to the present proceeding and to ensure that any action taken to judgment will have its proper effect as res judicata.'" Pabon Lugo v. MONY Life Ins. Co. of America, 465 F.Supp.2d 123 (D.P.R. 2006) (quoting Prevor-Mayorsohn Caribbean, Inc. v. Puerto Rico Marine Management, Inc., 620 F.2d 1, 4 (1st Cir.1980)).

Under federal law, if an insurer has compensated an insured for an entire loss, the insurer is the only real party in interest and must sue in its own name; however, if the insured is only partially compensated by the insurer, both are real parties in interest.

> If the [insurer-subrogee] has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d Ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer … have substantive rights against the tortfeasor which qualify them as real parties in interest.

United States v. Aetna Cas. & Surety Co., 338 U.S. 366, 381-82 (1949). To that effect, Wright and Miller state:

> An insurer who pays a part of the loss is only partially subrogated to the rights of the insured. This may occur when the loss exceeds the coverage or when the insurance policy contains a deductible amount that must be borne by the insured. The respective rights of the party in this situation parallel those when there

CIV. NO. 08-1752 (PG)                                                    Page 5

>           has been a partial assignment. Either the insured or
>           the insurer may sue. Thus, if the insured brings suit,
>           the insurer who is partially subrogated may intervene
>           in the action to protect its pro rata share of the
>           potential recovery. If either sues and the other does
>           not voluntarily join or intervene, defendant may seek
>           protection from multiple lawsuits by having the absent
>           party joined.

6A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1546 (2d ed. 1990).

In the case at hand, Connors and its subsidiary Bumble Bee were both "the insured" pursuant to the terms of the policy with Lexington. Bumble Bee, however, claims to be a real party in interest inasmuch as it is alleging that the losses incurred in the fire exceeded the amount of the coverage. This remains to be determined. Nevertheless, it is uncontested that Bumble Bee incurred in a $500,000.00 disbursement - the amount of the deductible pursuant to the terms of Lexington's insurance policy - that was not reimbursed by Lexington. Therefore, pursuant to the applicable law and the uncontested facts of this case, this Court concludes that Bumble Bee is also a real party in interest.

As per the foregoing, Lexington, which is only partially subrogated, may intervene in this action to protect its pro rata share of the potential recovery. However, in its opposition, Bumble Bee attached an "Affidavit of Ratification" whereby Lexington agrees to be bound by and comply with any and all orders entered by this Court to the same and full extent as if it were a named party in this action. See Docket No. 74-4. Lexington also agrees to respond to all discovery requests, subject to the applicable rules and privileges, as if it were a party to this case, as well as to be bound forever by the results of this case, whether obtained by verdict, settlement or otherwise. Id. Finally, Lexington waives forever any and all rights to pursue any subrogation claim arising out of the August 6, 2007 fire against GMC and Integrand in any separate or subsequent action. Id.

Courts have interpreted the term ratify in Rule 17(a) to mean "to validate an arrangement by which the real party in interest authorizes the continuation of an action brought by another and agrees to be bound by its result, thereby eliminating any risk of multiple liability." WRIGHT, MILLER & KANE, supra, at § 1555. As a result, "[f]ormal joinder or substitution of the real party in interest will not be necessary when the real party ratifies the commencement of the action." Id.

CIV. NO. 08-1752 (PG)                                                    Page 6

As illustrated above, Lexington ratified the present lawsuit, authorized its continuation, and agreed to be bound by its result by means of an "Affidavit of Ratification". Consequently, the Court need not order the formal joinder of Lexington to this action. See Pabon Lugo, 465 F.Supp.2d at 128.

Finally, the defendants contend that Lexington's action is time-barred because Connors, the subrogor, failed to toll the statute of limitations. See Docket No. 73 at page 7. We disagree. It is undisputed that the present action was filed before the applicable one-year statute of limitations.[2] Moreover, Rule 17(a) provides that "after ratification, … , the action proceeds as if it had been originally commenced by the real party in interest." FED.R.CIV.P. 17(a)(3). In view that Lexington has effectively ratified this action, the defendants' argument is no longer at issue. See also WRIGHT, MILLER & KANE, supra, at § 1555 (there no longer is any doubt that a federal court may apply the substitution and relation-back provision of Rule 17(a)(3) in a diversity of citizenship case even though the law of the state in which the court is sitting would not allow relief from the failure to bring suit in the name of the real party in interest and dismissal would be required under the applicable forum state's statute of limitations).

### IV. CONCLUSION

For the reasons stated above, this Court hereby **DENIES** defendants' motion for summary judgment (Docket No. 73).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, May 10, 2010.

                                               S/ JUAN M. PEREZ-GIMENEZ
                                               JUAN M. PEREZ-GIMENEZ
                                               U.S. DISTRICT JUDGE

---

[2] The statute of limitations for tort actions pursuant to Article 1802 is one year. P.R. LAWS ANN. tit. 31, § 5298; see Arturet Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 12 (1st Cir. 2005).